# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARK PUNO,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:23-cv-00618-MHH |
| **DOLGENCORP, LLC,** *et al.*, | } |
| **Defendants.** | } |

## MEMORANDUM OPINION AND ORDER

After sustaining injuries during a delivery of products to a Dollar General store, plaintiff Mark Puno sued Dolgencorp, LLC, the company that does business as Dollar General. Mr. Puno sued Dolgencorp in the Circuit Court of Jefferson County, Alabama. In his state-court complaint, Mr. Puno asserted state-law claims against Dolgencorp for negligence and wantonness.[1]  More than two months after Mr. Puno served Dolgencorp with the complaint, Dolgencorp removed this case from state court to federal court pursuant to 28 U.S.C. § 1332, the statute that permits the exercise of federal jurisdiction in cases in which the plaintiff and the defendant

---

[1] After Dolgencorp removed this action, Mr. Puno amended his complaint.  (Doc. 8).  References to the "complaint" in this opinion concern Mr. Puno's original complaint because jurisdiction is determined "at the time of removal." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

1

are citizens of different states and more than $75,00 is in controversy. Mr. Puno has asked the Court to return this action to state court; he contends that Dolgencorp waited too long to file its notice of removal, so the removal is untimely under 28 U.S.C. § 1447(c). As discussed below, Dolgencorp properly removed this case within 30 days of receipt of Mr. Puno's responses to Dolgencorp's requests for admissions concerning the amount in controversy, so the Court denies Mr. Puno's motion to remand.

By way of background, Mr. Puno alleges that to prepare products for delivery to Dollar General stores, Dolgencorp warehouse employees pack merchandise on large carts called rolltrainers. Warehouse employees then load the rolltrainers onto tractor-trailer trucks. (Doc. 1-1, p. 9, ¶ 4). The truck drivers unload the rolltrainers at the Dollar General stores to which the drivers deliver the merchandise. (Doc. 1-1, p. 9, ¶ 9).

According to Mr. Puno, on May 29, 2021, warehouse employees improperly used a rolltrainer with a missing wheel and, unbeknownst to him, placed the loaded, broken rolltrainer on his trailer. (Doc. 1-1, p. 9, ¶ 10). Mr. Puno alleges that the warehouse employees propped the broken rolltrainer against another rolltrainer to keep the broken rolltrainer from falling over. The warehouse employees then placed liters of water on the top of the broken rolltrainer. (Doc. 1-1, pp. 9–10, ¶ 10). Mr. Puno asserts that when he reached the store to which he was delivering merchandise

and began to remove the rolltrainer that warehouse employees had used to prop up the rolltrainer with the missing wheel, the broken rolltrainer and its contents fell on him. Mr. Puno states that "[t]he impact broke bones in his back and damaged nerves." (Doc. 1-1, p. 10, ¶ 11).

Mr. Puno sued Dolgencorp in state court on March 3, 2023. (Doc. 1-1, p. 6). Mr. Puno asserts that because of the rolltrainer accident, he has suffered permanent injuries, experienced severe pain, and incurred medical expenses, including expenses for physical therapy and medication. (Doc. 1-1, p. 10, ¶ 12). Mr. Puno seeks compensatory damages for these injuries and for mental anguish, lost wages, and future medical expenses. (Doc. 1-1, p. 12, ¶ 23). He also seeks punitive damages based on his wantonness claim. (Doc. 1-1, p. 13). In his complaint, Mr. Puno did not specify the amount of compensatory and punitive damages to which he contends he is entitled.

Dolgencorp received Mr. Puno's complaint on March 10, 2023 and filed an answer on April 6, 2023. (Doc. 1-3, pp. 12, 14–21). Afterwards, Dolgencorp issued requests for admissions in which the company asked Mr. Puno to admit that his damages do not equal or exceed $75,000 or that he will not accept damages of more than $75,000. (Doc. 1-2, pp. 2–3). On May 12, 2023, Mr. Puno denied the requests for admission. (Doc. 1-2, pp. 2–3). Dolgencorp removed Mr. Puno's action to federal court four days later. In its May 16, 2023 notice of removal, Dolgencorp

3

asserts that this Court may exercise jurisdiction over Mr. Puno's tort claims under 28 U.S.C. § 1332.  (Doc. 1).  Dolgencorp also asserts that its May 16, 2023 removal is timely under 28 U.S.C. § 1446(b)(3) because the company removed this case within 30 days of receipt of Mr. Puno's responses to the company's requests for admissions, and Mr. Puno's discovery responses indicate that more than $75,000 is in controversy in this action.  (Doc. 1, pp. 2–3, ¶¶ 5–6).

Mr. Puno contends that Dolgencorp waited too long to exercise its statutory option to move his lawsuit from state court to federal court.[2]  In his motion to remand, Mr. Puno argues that although he did not claim a specific amount of damages in his complaint, it was apparent from the face of the complaint that he seeks more than $75,000 in compensatory and punitive damages, so if Dolgencorp

---

[2] Mr. Puno does not contend that the parties are not completely diverse, and he does not contend that less than $75,000 is in controversy; he challenges only the timeliness of Dolgencorp's removal.  Mr. Puno alleged that he "is a resident of Santa Rosa, Florida," (Doc. 1-1, p. 8, ¶ 1), which suggests that he likely is domiciled there.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "[a] person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .'" (citations omitted)).  As Dolgencorp pointed out in its notice of removal, an LLC is a citizen of any state in which a member of the company is a citizen.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *Thornhill v. Alexandria Mall Co.*, 2009 WL 1664026, at *2 (W.D. La. June 8, 2009) ("For each member of an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations because only natural persons and corporations have a legal existence—for diversity purposes—that is not dependent on the citizenship of their constituent members.") (internal quotations omitted).  Dolgencorp is a citizen of Kentucky and Tennessee.  (Doc. 1, pp. 3–4, ¶ 8).

wished to remove this action on the basis of diversity jurisdiction, Dolgencorp had to file a notice of removal within 30 days of its receipt of the complaint on March 10, 2023. (Docs. 9, 9-1).[3] Mr. Puno argues that Dolgencorp's May 16, 2023 removal petition is untimely, and he asks the Court to return this action to state court. (Doc. 9, p. 2).

As noted, under 28 U.S.C. § 1332, diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). A removing defendant bears the burden of establishing that removal is proper. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). As relevant here, under 28 U.S.C. § 1446(b)(1), a removing defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). An untimely removal is not proper; a defendant's failure to remove a case within the time permitted in 28 U.S.C. § 1446(b) "render[s] the removal 'defective' and [justifies] a remand pursuant to § 1447(c)." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999). Because the time for removal is not jurisdictional, a plaintiff may waive a challenge to the

---

[3] The absence of a specific demand for damages makes Mr. Puno's complaint indeterminate: "An indeterminate complaint is one which does not state facts affirmatively showing the removable nature of the case." *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 574 (S.D. Ala. 1986).

5

timeliness a removal, but a district court must grant a timely motion for remand when the defendant cannot establish that its removal was timely.[4]

In some instances, Congress has delayed the 30-day period for removal under 28 U.S.C. § 1446(b). Under § 1446(b)(3):

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). In *Pretka*, the Eleventh Circuit stated that the predecessor to § 1446(b)(3), which contained language identical to the language that appears in § 1446(b)(3), applied to civil actions that "could not have been determined to be removable until" a paper other than the complaint "establishes their removability." *Pretka*, 608 F.3d at 757.

Mr. Puno argues that Dolgencorp could have determined that his original complaint was removable by considering the injuries he alleges and the damages he claims and by applying experience and common sense regarding back injuries and punitive damages. (Doc. 13, pp. 3–8). Mr. Puno states that he:

> alleged that he suffered broken bones in his back and nerve damage requiring medical treatments, therapies, and medical bills. (Doc. 1–1, p. 10, ¶¶ 11–12). Those allegations contextualize and

---

[4] Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Mr. Puno filed his motion to remand within 30 days of Dolgencorp's filing of its notice of removal.

support [his] other alleged damages for past and future lost wages, permanent injuries and disfigurement, medical expenses, pain and suffering, emotional distress, mental anguish, anxiety, and punitive damages. (Doc. 1–1, p. 10 of 24 at ¶¶ 11–12; p. 12 ¶ 23).

(Doc. 13, p. 3). Mr. Puno adds that he "pleaded detailed facts supporting the basis for his punitive damages claims" and that he alleged in his complaint that Dolgencorp's conduct "created a hidden dangerous condition" and concealed the danger from him. (Doc. 13, p. 6 (citing Doc. 1-1, pp. 9–13, ¶¶ 8–25)). Mr. Puno argues that "the Court must consider the three-to-one multiplier of Plaintiff's compensatory damages. *See* Ala. Code §§ 6–11– 20(a), 6–11–21(a)." (Doc. 13, p. 7). On this record, Mr. Puno contends that Dolgencorp was compelled to exercise its statutory right of removal within 30 days of March 10—the date on which Dolgencorp received his complaint. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063–64 (11th Cir. 2010) (recognizing a defendant's statutory "right to removal").

For the reasons Mr. Puno states, if Dolgencorp had removed upon receipt of Mr. Puno's complaint, though Mr. Puno did not explicitly seek more than $75,000 in his complaint, relying on reasonable inferences and deductions, on a motion to remand or on its own examination of subject matter jurisdiction, the Court likely would have concluded from the nature of the injuries Mr. Puno alleges and the types

of damages he seeks that the amount in controversy exceeds $75,000.[5] As the Eleventh Circuit explained in *Pretka*, "without facts or specific allegations," a district court may not divine the amount in controversy through pure speculation "'by looking at the stars,'" but with "specific factual allegations," a district court may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether a complaint containing an indeterminate demand for damages satisfies § 1332's jurisdictional floor. *Pretka*, 608 F.3d at 753–54 (quoting *Lowery v. Alabama Pwr. Co.*, 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)).[6]

---

[5] Because federal courts are courts of limited jurisdiction, a federal court must examine subject matter jurisdiction independently and dismiss or remand, as appropriate, a case in which federal subject matter jurisdiction is lacking. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999) (because "federal courts are courts of limited jurisdiction," courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and are "powerless to continue" if subject matter jurisdiction is lacking).

[6] In *Lowery*, the Eleventh Circuit explained that in some cases, "the underlying substantive law provides a rule that allows the court to determine the amount of damages." 483 F.3d at 1214 n.66. And in *Roe*, the Eleventh Circuit held that "when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." 613 F.3d at 1064. Judicial experience tells the Court that a claim under Alabama law for permanent back injuries, pain and suffering, mental anguish, and lost wages easily may exceed $100,000 in compensatory damages alone. Even if a plaintiff were seeking only one quarter of that amount, as a matter of law, the plaintiff could recover up to three times the compensatory amount (and, in some case, more than three times the amount) in punitive damages. *See TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 462 (1993) (affirming punitive damages award of $10 million where actual damage award was only $19,000); *Green Oil Co. v. Hornsby*, 539 So. 2d 218 (Ala. 1989) (affirming award of $14,704.06 in compensatory damages and $150,000 in punitive damages). Therefore, from the face of the complaint, the Court could have concluded that more than $75,000 is in controversy in this action.

The question, though, is whether Dolgencorp *had* to remove within 30 days of receipt of a complaint containing an indeterminate demand for damages even if the Court, using it experience and reasonable inferences and deductions, could conclude that more than $75,000 is in controversy.  The answer is no, Dolgencorp did not have to remove based on a complaint containing negligence and wantonness claims under Alabama law and an indeterminate demand for compensatory and punitive damages for personal injuries.  In *Lowery*, the Eleventh Circuit stated: "under § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."  *Lowery*, 483 F.3d at 1213.  The Eleventh Circuit emphasized the requirement of unambiguous information regarding the amount in controversy:

> Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements. Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper," which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can "first ascertain" that federal jurisdiction exists. § 1446(b). Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (holding that grounds must be "unequivocally clear and certain"); *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999) (same).

9

*Lowery*, 483 F.3d at 1213 n.63.[7]  In *Pretka*, the Eleventh Circuit explained that the term "ascertain" in what is now § 1446(b)(3) "means 'to make certain, exact, or precise' or 'to find out or learn with certainty.'"  *Pretka*, 608 F.3d at 760 (quoting *Bosky*, 288 F.3d at 211).

In *Bosky*, the decision that the Eleventh Circuit cited with approval in *Lowery* and in *Pretka*, the Fifth Circuit held that a plaintiff's state court complaint triggers § 1446(b)(1)'s 30-day removal window "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."  *Bosky*, 288 F.3d at 210 (citation omitted); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (same).  The Fifth Circuit explained that this rule requires the plaintiff, "if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in

---

[7] In 2011, Congress amended § 1446(b) by dividing this section into three sub-sections and adding § 1446(b)(2), which provides the procedure for removal in cases with multiple defendants.  *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 760 (2011).  The substance of § 1446(b) as discussed in *Lowery*, *Pretka*, and other cases cited in this opinion has remained essentially the same and now appears in §§ 1446(b)(1) and 1446(b)(3).

In *Pretka*, the panel expressed concern about some dicta in *Lowery*.  That dicta is not pertinent here.

10

excess of the federal jurisdictional amount." *Bosky*, 288 F.3d at 210 (citation omitted).[8]

The reason for this rule is simple: federal jurisdiction is not meant to be a game, and defendants are not meant to face a removal dilemma each time a plaintiff asserting tort claims for physical injuries and related psychological and economic injuries in an Alabama state court complaint exercises the option to forego a specific demand for damages. A "defendant's right to remove" is not subject to "the caprice of [a] plaintiff," and the law does not countenance pleading tricks that make federal jurisdiction "disappear." *Pretka*, 608 F.3d at 766. "Both policy and precedent counsel against rewarding . . . obfuscating [pleading] tactics"; a defendant cannot "wrongly be denied the removal to which it is entitled." *Roe*, 613 F.3d at 1064. And when a defendant has a right to remove under § 1332, removal should be expeditious and accomplished without motion practice premised on pleading tactics designed to deprive a civil defendant of its statutory right to a federal forum. *Pretka*, 608 F.3d

---

[8] In the years since the Eleventh Circuit decided *Lowery* and *Pretka*, other Courts of Appeals have reached the same conclusion. For example, the Seventh Circuit has held: "The 30–day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). In the Seventh Circuit, to trigger the 30-day removal period in § 1446(b)(1), a plaintiff must "specifically disclose the amount of monetary damages sought." *Walker*, 727 F.3d at 824. The First Circuit has concluded that a defendant must exercise its statutory right to remove if a complaint "includes a clear statement of the damages sought or if the plaintiff's paper sets forth sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation. The defendant has no duty, however, to investigate or to supply facts outside of those provided by the plaintiff." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir. 2014).

at 767; *Bosky*, 288 F.3d at 210 (explaining that Fifth Circuit follows the rule that "[t]he time limit in [§ 1446(b)(1)] is triggered 'only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court'" because this rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know") (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).[9]

In this case, judicial experience and common sense likely would allow the Court to conclude from Mr. Puno's initial allegations about his injuries and his damages that more than $75,000 is in controversy, but Mr. Puno's allegations in his indeterminate complaint do not clearly and unambiguously establish federal jurisdiction. Dolgencorp properly investigated Mr. Puno's allegations to allow the company to ascertain whether Mr. Puno is, in fact, pursuing more than $75,000 in damages. Mr. Puno's responses to Dolgencorp's requests for admissions provided the clarity Dolgencorp needed to exercise its right to remove based on unambiguous information, and Dolgencorp properly filed its removal petition within 30 days of

---

[9] Alabama wrongful death actions differ from other tort actions for personal injuries that do not result in death. Per *Roe*, in an Alabama wrongful death case, a defendant must remove a complaint with an indeterminate demand for punitive damages within 30 days of receipt of the complaint because, by their very nature, wrongful death actions under Alabama law always involve controversies that exceed § 1332's $75,000 jurisdictional threshold.

12

receipt of Mr. Puno's discovery responses.[10]  To hold differently would permit a savvy plaintiff to deprive Dolgencorp of its statutory right to remove this case from state court to federal court.

Therefore, the Court denies Mr. Puno's motion to remand.  The Court asks the Clerk to please TERM Doc. 9.  No later than **February 6, 2024**, the parties shall fulfill their Rule 26 obligations as directed per the Court's initial order, (Doc. 6).

**DONE** and **ORDERED** this January 23, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[10] *See Lowery*, 483 F.3d at 1212 n.62 (stating that responses to requests for admissions are "other paper" for purposes of what is now § 1446(b)(3)).

13